CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 13 2013

JULIA␣␣DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH L. RAINEY, | ) | CASE NO. 7:13CV00242 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| C. ZYCH, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Joseph L. Rainey, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Rainey, who is incarcerated in the United States Penitentiary Lee County in Jonesville, Virginia, challenges the validity of his confinement under a criminal sentence imposed by a federal court in Missouri. Upon review of the record, the court summarily dismisses the petition, because Rainey fails to demonstrate an entitlement to relief under § 2241.

I

Rainey's petition and court records online provide the relevant procedural history. In December 2007, the United States District Court for the Western District of Missouri entered judgment against Rainey, convicting him of conspiracy to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base, and sentencing him to life imprisonment. United States v. Rainey, Case No. 6:06-cr-03079-DW-1 (W.D. Mo. Dec. 6, 2007). Rainey's direct appeals and § 2255 motion were unsuccessful.[1]

---

[1] See United States v. Rainey, 605 F.3d 581 (8th Cir. May 21, 2010), cert. denied, 131 S. Ct. 432 (Oct. 10, 2010), pet. reh. denied, 131 S. Ct. 989 (Jan. 10, 2011); Rainey v. United States, Case No. 10-3467-CV-S-DW (W.D. Mo. Apr. 14, 2011).

In his current petition, Rainey challenges the Missouri district court's denial of his December 28, 2012 motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 750 to the crack cocaine sentencing guideline. Upon receiving Rainey's motion for reduction, the Court entered an administrative order that transferred his case to a different district judge for disposition of the § 3582(c) motion. According to Rainey, that judge reviewed the Presentence Investigation Report ("PSR"), saw that it had found him to be a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1, and concluded that Rainey was not eligible for a reduction under Amendment 750. Rainey asserts that because the sentencing judge did not sentence him under the career offender guideline, the application of that section to preclude him from a reduction under Amendment 750 was improper. On these grounds, Rainey asserts that his current sentence, based on this illegitimate "career offender" finding, is illegal. Rainey also argues that he is actually innocent of being a career offender, because the prior convictions on which the court relied in the PSR findings do not qualify as prerequisites for the enhancement. In short, Rainey argues that this court can grant him relief from his illegal career offender sentence under § 2241 by vacating the judgment and ordering that Rainey be placed on supervised release.

## II

A motion under § 2255 is the exclusive remedy for a federal defendant to challenge the legitimacy of his federal sentence. In re Jones, 226 F.3d 328, 333 (4th Cir.2000). A district court may entertain a § 2241 petition attempting to invalidate a sentence or conviction only if defendant shows that a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [his] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not

render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In essence, Rainey challenges the validity of the judgment under which he is confined and seeks to have it vacated. Procedurally, however, Rainey faces substantial hurdles. Rainey could have challenged his career offender status as reported in his PSR at the time of sentencing, on appeal, or in his prior § 2255 proceedings. Therefore, his challenge to the career offender finding is procedurally defaulted and not cognizable on collateral review. Moreover, neither this court nor the sentencing court has jurisdiction to revisit the order denying Rainey's motion for reduction under § 3582(c) and Amendment 750. See Goodwyn v. United States, 596 F.3d 233, 236 (4th Cir. 2010) (finding that under § 3582(c), district court has one–and only one–opportunity to apply a retroactive amendment to modify a defendant's sentence).

Most importantly, Rainey fails to demonstrate authority for this court to address his claim, as it is currently styled, under § 2241. Rainey does not point to any recent change of substantive law making it legal to conspire to traffic in cocaine base or to distribute or possess the drug with intent to distribute, and the court is not aware of any such precedent or statutory amendment. Rainey thus fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, 226 F.3d at 333-34. Therefore, Rainey fails to

show that his claims can be addressed under § 2241, and this petition must be dismissed as frivolous.

### III

For the reasons stated, the court dismisses Rainey's § 2241 petition because he fails to demonstrate that he is entitled to the relief requested. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 12th day of June, 2013.

*/s/ Glen Conrad*
Chief United States District Judge